UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY BONNICI; KATHERINE BONNICI; on behalf of themselves and all others similarly situated,

Plaintiffs,

v. Case No. 6:12-cv-1014-ORL-19TBS

U.S. BANK NATIONAL ASSOCIAITION; BANK OF AMERICA, NATIONAL ASSOCIATION; TERRY PALMITER; DOE I, ALSO KNOWN AS MORRIS HARDWICK SCHHNEIDER; DOE 2; DOE 3; AND DOE 4,

Defendants.
_______________________________________/

ORDER

Plaintiffs bring this action in their own right and on behalf of all similarly situated persons, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and Fla. Stat. §§ 501.204 and 559.72. (Doc. 1). They pray for the certification of a “Class A” in connection with Count II of their Complaint and a “Class B” in connection with Count III. (Id.)

Under Local Rule 4.04(b), Plaintiffs had 90 days from the filing of their initial Complaint within to move for a determination under Fed.R.Civ.P. 23(c)(1) as to whether this case should be maintained as a class action. Plaintiff’s initial Complaint was filed July 2, 2012 and thus, their Rule 23(c)(1) motion was due no later than October 1, 2012.

On October 4, 2012, Plaintiffs filed their Motion for Extension of Time for Plaintiffs to File their Motion for Class Certification (Doc. 37). The motion is due to be

DENIED WITHOUT PREJUDICE for the following reasons. First, because Plaintiffs' motion was filed after the time to file their motion for class certification had expired, it is Plaintiffs' burden to show excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). Plaintiffs' motion falls short of making the required showing. Second, Plaintiff has not complied with Local Rule 3.01(g). Apparently, Morris, Hardwick & Schneider, LLC is the only Defendant against whom Plaintiffs intends to prosecute a class action. (Doc. 37). Still, the 180 day extension which Plaintiffs have requested will, if granted, materially impact the overall case management schedule. Therefore, because the relief sought will impact all Defendants, Plaintiffs should confer with all of them.

Plaintiffs report that they attempted to confer with Defendant, Morris, Hardwick & Schneider, LLC before this motion was filed, they will continue with those efforts, and will update their Rule 3.01(g) certificate accordingly. (Id.) Local Rule 3.01(g) imposes a duty on the movant to meet and confer before most motions are filed. This Court reads into the Rule, a duty on the part of the opponent to also meet and confer and, if an opponent is unavailable when inquiry is made, the opponent should respond promptly. Finally, although the issue has not come up in this case, e-mail communication does not satisfy Local Rule 3.01(g).

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on October 5, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel